IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-30021 |
| ) | |
| EULALIO GANDIAGA-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court following the sentencing hearing held on September 12, 2005.

The Defendant proffered two objections to the Presentence Investigation Report, each of which is related to an offense level adjustment pursuant to U.S.S.G. § 2L1.1(b)(5) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. At the sentencing hearing, the Government presented the testimony of Trooper Craig Pool and Agent Tom Merchant in support of the enhancement.

1

Trooper Pool stopped the van following a traffic violation. He testified that the van had twelve passengers, including the Defendant. Trooper Pool stated that some of the passengers were sitting on the floor and that there may have been passengers in the cargo area. Moreover, there were two or three of what appeared to be urine bottles in the vehicle.

Agent Tom Merchant of Immigration Customs Enforcement also testified at the sentencing hearing. Agent Merchant stated that he was called to the scene by Trooper Pool after the stop. He testified that the van included six seats. Agent Merchant also testified that the collective weight of the passengers exceeded the recommended weight for the vehicle by more than 600 pounds. The agent further testified that one of the passengers informed him that they had stopped once a day for food and had stopped only three times for restroom breaks between Phoenix, Arizona and Illinois.

After considering the evidence presented at the sentencing hearing and the information contained in the PSR, the Court concluded that the Defendant's objection to paragraph 14 should be DENIED. The Application Note to § 2L1.1(b)(5) provides, "Reckless conduct to which the

adjustment from subsection (b)(5) applies includes a wide variety of conduct (<u>e.g.</u>, transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle, or harboring persons in a crowded, dangerous, or inhumane condition."). There was ample evidence which showed that the number of passengers exceeded the seating capacity of the vehicle. Moreover, the presence of what appeared to be urine bottles demonstrates that the conditions were at least unsanitary.

The Court concludes that the Defendant's conduct was sufficiently reckless under § 2L1.1(b)(5) to support the adjustment to an offense level of 18. Accordingly, the Defendant's objection to paragraph 14 is DENIED.

The Defendant also objects to paragraph 52 of the PSR, which provides that his adjusted offense level is 15 and criminal history category is I, yielding a guideline range of imprisonment of 18 to 24 months. This is based on the Defendant's previous objection; therefore, the Defendant claims that the proper total offense level is 13 and criminal history category is I, resulting in a guideline range of 12 to 18 months.

Based on the Court's ruling on the previous objection, the Defendant's total offense level of 15 is correct and the sentencing guideline range of 18 to 24 months is correct as noted in paragraph 52 of the revised PSR. Accordingly, the Defendant's objection is DENIED.

After considering the guideline range and the statutory factors under 18 U.S.C. § 3553(a)(4), the Court determined that a sentence of 18 months in the custody of the Bureau of Prisons was the appropriate sentence for the Defendant.

Ergo, the Defendant's objections to the Presentence Investigation Report are DENIED. The Defendant is hereby sentenced in accordance with the judgment to be entered in this case.

ENTER: September 14, 2005

    FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge